## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **OPENPITTSBURGH.ORG and TRENTON POOL,** | : | |
| | : | |
| | : | **CIVIL ACTION** |
| **Plaintiffs,** | : | |
| | : | **2:16-cv-1075-MRH** |
| **v.** | : | |
| | : | |
| **DAVID VOYE, in his official capacity as the Manager of the Allegheny County Division of Elections; THE HONORABLE KATHRYN M. HENS-GRECO, in her official capacity as an interim Member of the Allegheny County Board of Elections; THE HONORABLE THOMAS BAKER, in his official capacity as an interim Member of the Allegheny Board of Elections; THE HONORABLE ROBERT PALMOSINA, in his official capacity as an interim Member of the Allegheny County Board of Elections; and KATHRYN BOOCKVAR, in her official capacity as the acting Secretary of the Commonwealth of Pennsylvania,** | : : : : : : : : : : : : : : : | |
| | : | *Filed Electronically* |
| **Defendants.** | : | |

## SECOND AMENDED COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF

1.      Plaintiffs, OPENPITTSBURGH.ORG and TRENTON POOL, by

and through their undersigned legal counsel, file this civil action for prospective

equitable relief against Defendants, DAVID VOYE, in his official capacity as

Manager of the Allegheny County Division of Elections, THE HONORABLE

1

KATHRYN M. HENS-GRECO, in her official capacity as an interim Member of the Allegheny County Board of Elections, THE HONORABLE THOMAS BAKER, in his official capacity as an interim Member of the Allegheny County Board of Elections, THE HONORABLE ROBERT PALMOSINA, in his official capacity as an interim Member of the Allegheny County Board of Elections, and KATHRYN BOOCKVAR, in her official capacity as the acting Secretary of the Commonwealth of Pennsylvania requesting continued preliminary and permanent injunctions and declaratory relief prohibiting defendants from enforcing 53 Pa.C.S.A. § 2943(a) of the Pennsylvania Home Rule & Optional Plan Law (hereinafter the "Law") to the extent it incorporates 25 P.S. § 2869 of the Pennsylvania Election Code on the circulation, signing, filing and adjudication of petitions to place a referendum question on the 2016 Pittsburgh general election ballot to the extent that 25 P.S. § 2869: (a) prohibits unregistered Pennsylvania voters from freely circulating referendum petitions under 53 Pa.C.S.A. § 2943(a); (b) prohibits non-Pennsylvanians from freely circulating referendum petitions under 53 Pa.C.S.A. § 2943(a); and (c) requires Plaintiffs to notarize each and every page of referendum petitions circulated and filed under 53 Pa.C.S.A. § 2943(a).

## NATURE OF THE COMPLAINT

2.      This is an action to enforce rights guaranteed to Plaintiffs under the First and Fourteenth Amendments to the United States Constitution,  as well as a pendent state law claim arising under the Constitution of Pennsylvania, the Law and the Pennsylvania Election Code.

3.      The United States Supreme Court has established that the collection of signatures on referendum petitions is core political speech afforded the highest level of protection under the First and Fourteenth Amendments to the United States Constitution.  Restrictions that place a severe burden on core-political speech are subject to strict-scrutiny analysis.

4.      This is a civil rights action brought pursuant to 42 U.S.C. § 1983, seeking prospective equitable relief enjoining enforcement and declaring that certain of the combined requirements of 53 Pa.C.S.A. § 2943(a) and 25 P.S. § 2869 impairs clearly established rights guaranteed to Plaintiffs under the First and Fourteenth Amendments to the United States Constitution.

5.      Plaintiffs ask this Court for preliminary and permanent injunctions enjoining Defendants from rejecting any referendum petition authorized to be circulated under 53 Pa.C.S.A. § 2943(a) where the referendum petition's "Affidavit of Qualified Elector" has been executed by: (a) an unregistered qualified elector of the Commonwealth of Pennsylvania; or (b) a resident of

another state and citizen of the United States willing to consent to the jurisdiction of the Commonwealth of Pennsylvania for purposes of any investigation related to the circulation, signing and filing of referendum petitions all in violation of rights guaranteed to Plaintiffs under the First and Fourteenth Amendments to the United States Constitution.

6.      Plaintiffs also ask this court to declare unconstitutional those provisions of 53 Pa.C.S.A. § 2943(a) and 25 P.S. § 2869 authorizing Defendants to reject any referendum petition authorized to be circulated under 53 Pa.C.S.A. § 2943(a) where the referendum petition's "Affidavit of Qualified Elector" has been executed by: (a) an unregistered qualified elector of the Commonwealth of Pennsylvania; or (b) a resident of another state and citizen of the United States willing to consent to the jurisdiction of the Commonwealth of Pennsylvania for purposes of any investigation related to the circulation, signing and filing of referendum petitions in violation of rights guaranteed to Plaintiffs under the First and Fourteenth Amendments to the United States Constitution.

7.      Plaintiffs ask this Court to permanently enjoin Defendants from requiring, as a condition precedent to filing, that each circulator notarize each and every "Affidavit of Qualified Elector" for each page of the referendum petition circulated by a circulator as authorized under 53 Pa.C.S.A. § 2943(a) and pursuant to provisions of  25 P.S. § 2869 of the Pennsylvania Election Code in violation of

rights guaranteed to Plaintiffs under the First and Fourteenth Amendments to the United States Constitution.

8.      Plaintiffs also ask this court to declare unconstitutional those provisions of 53 Pa.C.S.A. § 2943(a) and 25 P.S. § 2869 requiring, as a condition precedent to filing with defendants, that each circulator notarize each and every "Affidavit of Qualified Elector" for each page of a referendum petitions circulated by the circulator as authorized under 53 Pa.C.S.A. § 2943(a) and pursuant to provisions of  25 P.S. § 2869 of the Pennsylvania Election Code in violation of rights guaranteed to Plaintiffs under the First and Fourteenth Amendments to the United States Constitution.

## **JURISDICTION**

9.      Jurisdiction lies in this Court under 28 U.S.C. § 1331, providing that district courts shall have original jurisdiction of all civil actions arising under the Constitution of the United States.

10.      Moreover, jurisdiction lies under 42 U.S.C. § 1983 and 28 U.S.C. § 1343(a), the jurisdictional counterpart of 42 U.S.C. § 1983 as Plaintiffs allege violation of rights guaranteed to them under the First Amendment, as applied to the states by the Fourteenth Amendment to the United States Constitution.

## VENUE

11.    Venue is proper in the United States District Court for the Western District of Pennsylvania under 28 U.S.C. § 1391 as Plaintiff Open Pittsburgh.Org is a resident of the district and Defendants exercise their authority in the Western District of Pennsylvania, maintain offices within this district and all of the operative acts or omissions have or will occur in this district.

## PARTIES

12.    Plaintiff OpenPittsburgh.Org is an unincorporated grass-roots political organization that intends circulate referendum petitions authorized to be circulated under the Law to place a referendum on the 2020 Pittsburgh general election ballot seeking to amend the Allegheny County Home Rule Charter changing the composition and qualification of members who may serve on the Allegheny County Board of Elections.

13.    Plaintiff OpenPittsburgh.Org is currently engaged in active fundraising to finance the 2020 petition drive.

14.    Plaintiff OpenPittsburgh.Org relies on private donors to cover all expenses and operates on a minimum budget to funnel all contributions to the circulation and filing of Plaintiff's referendum petitions.

15.    Plaintiff OpenPittsburgh.Org Plaintiff OpenPittsburgh.Org intends to use local volunteers, including both registered and unregistered voters, and paid

professional out-of-state circulators, including Trenton Pool, to secure the required number of valid signatures to place the proposed referendum question on the 2020 general election ballot.   Plaintiff OpenPittsburg.Org is currently headquartered in the home of its chairman, David T. Tessitor at 5858 Jackson Street, Pittsburgh, Pennsylvania.

16.    Plaintiff Trenton Pool is a resident of the State of Texas, residing at 3800 Creek Road, Dripping Springs, in Hays County, Texas.

17.    Plaintiff Trenton Pool is a professional circulator of election and referendum petitions and frequently works on election projects in the Commonwealth of Pennsylvania.   Plaintiff Trenton Pool, and his firm Benezet Consulting, LLC was previously contracted by Plaintiff OpenPittsburghh.Org in 2016 to collect several thousand signatures to place a referendum question seeking to amend the Pittsburgh Home Rule Charter on the 2016 general election ballot. Because of the Commonwealth's prohibition on non-Pennsylvania residents from freely circulating referendum petitions and prohibits non-Pennsylvania residents or unregistered Pennsylvania residents from executing the "Affidavit of Circulator" made part of each referendum petition, Plaintiff Pool is not able to freely circulate referendum petitions for Plaintiff OpenPittsburgh.Org, but would like to do so in support of Plaintiff OpenPittsburgh.Org's 2020 petition drive to place a referendum question on the Allegheny County general election ballot.

18.     Defendant David Voye, is made a Defendant to this action in his official capacity as the Manager of the Allegheny County Division of Elections. As the manager of the Allegheny County Division of Elections, Defendant Voye is charged with enforcement of the statutory provisions challenged in this action. Specifically, Defendant Voye is the official responsible to enforce the challenged statutory provisions by either accepting or rejecting Plaintiffs' referendum petitions as provided by law.   Defendant Voye is charged with rejecting any referendum petition where the "Affidavit of Circulator" is not executed by a registered Pennsylvania voter, or is not properly notarized.   Defendant Voye's business address is 542 Forbes Avenue, Room 604, Pittsburgh, Pennsylvania, 15219.

19.     Defendant the Honorable Kathryn M. Hens-Greco is made a Defendant to this action in her official capacity as an interim Member and President of the Allegheny County Board of Elections charged with enforcing the statutes challenged in this action and the direct supervisor of Defendant Voye. Defendant Hens-Greco's business address is 542 Forbes Avenue, Room 604, Pittsburgh, Pennsylvania, 15219.

20.     Defendant the Honorable Thomas Baker is made a Defendant to this action in his official capacity as an interim Member of the Allegheny County Board of Elections charged with enforcing the statutes challenged in this action

8

and a Member of the Board charged with supervision of Defendant Voye. Defendant Baker's business address is 542 Forbes Avenue, Room 604, Pittsburgh, Pennsylvania, 15219.

21.    Defendant the Honorable Robert Palmosina is made a Defendant to this action in his official capacity as an interim Member of the Allegheny County Board of Elections charged with enforcing the statutes challenged in this action and a Member of the Board charged with supervision of Defendant Voye. Defendant Palmosina's business address is 542 Forbes Avenue, Room 604, Pittsburgh, Pennsylvania, 15219.

22.    Defendant Kathryn Boockvar is the acting Secretary of the Commonwealth of Pennsylvania.  Defendant Boockvar is the Commonwealth's chief election official and has ultimate authority over the enforcement of the Pennsylvania Election Code and, more specifically, the challenged provisions of 25 P.S. § 2869.  Plaintiffs assert their claims against Defendant Boockvar in her official capacity only.  Defendant Boockvar's principal business address is 2601 North 3rd Street, Harrisburg, PA  17110.

## FACTS

23.    The Pennsylvania Home Rule & Optional Plan Law (hereinafter the "Law") authorizes citizens who are residents in municipalities operating under the Law to place certain binding referendum questions amending the municipal

charter on the ballot to be decided by the voters at the next election.  Allegheny

County operates under, and is governed by, a Charter authorized under the Law.

24.   OpenPittsburgh.Org intends to circulate referendum petitions to place

a referendum question on the 2020 Allegheny County general election ballot to

amend the Allegheny County Home Rule Charter.

25.   53 Pa.C.S.A. § 2943(a) provides that:

"A petition containing a proposal for referendum on the question of
amending a home rule charter or an optional plan of government signed by
electors comprising 10% of the number of electors voting for the office of
Governor in the last gubernatorial general election in the municipality or an
ordinance of the municipal governing body proposing amendment of a home
rule charter or an optional plan shall be filed with the election officials not
later than the 13th Tuesday prior to the next primary, municipal or general
election. The petition and the proceedings therein shall be in the manner and
subject to the provisions of the election laws which relate to the signing,
filing and adjudication of nomination petitions insofar as such provisions are
applicable, except that no referendum petition shall be signed or circulated
prior to the 20th Tuesday before the election nor later than the 13th Tuesday
before the election. The name and address of the person filing the petition
shall be clearly stated on the petition."

26.   Plaintiff OpenPittsburgh.Org needs approximately 22,652 valid

signatures of electors to place their proposed referendum question on the 2020

Allegheny County general election ballot.

27.   The 22,652 valid signatures that Plaintiff OpenPittsburgh.Org needs

to place their proposed referendum question on the 2020 Allegheny County

general election ballot is 17,652 more valid signatures than statewide political

bodies such as the Green, Libertarian and Constitution parties need to place their

Presidential and Vice-Presidential candidates on the Commonwealth's general election ballot.

28.    In addition, Plaintiff OpenPittsburgh.Org intends to launch future petition drives to place proposed amendments to Pittsburgh's Home Rule Charter on the Pittsburgh general election ballot to force Pittsburgh government to be more transparent for the citizens of the city.

29.    The circulation, signing, filing and adjudication of referendum petitions are, in relevant part, governed by 25 P.S. § 2869's provisions governing partisan nomination petitions which provides that:

> "Said nomination petition may be on one or more sheets, and different sheets must be used for signers resident in different counties.  If more than one sheet is used, they shall be bound together when offered for filing if they are intended to constitute one petition, and each sheet shall be numbered consecutively beginning with number one, at the foot of each page….Each sheet shall have appended thereto the affidavit of the circulator of each sheet, setting forth – (a) that he or she is a qualified elector duly registered and enrolled as a member of the designated party of the State, or of the political district, as the case may be, referred to in said petition, unless said petition relates to the nomination of a candidate for a court of common pleas, for the Philadelphia Municipal Court or for the Traffic Court of Philadelphia or for justice of the peace, in which even the circulator need not be a duly registered and enrolled member of the designated party; (b) his residence, giving city, borough or township, with street number, if any; (c) that the signers thereto signed with full knowledge of the contents of the petition; (d) that their respective residences are correctly stated therein; (e) that they all reside in the county named in the affidavit; (f) that each signed on the date set opposite his name; and (g) that, to the best of affiant's knowledge and belief, the signers are qualified electors and duly registered and enrolled members of the designated party of the State, or of the political district, as the case may be."

30.     As a result of the combined effect of, 53 Pa.C.S.A. § 2943(a) and 25 P.S. § 2869 the referendum petitions intended to be circulated by Plaintiff OpenPittsburgh.Org may not be freely circulated by either: (1) unregistered Pennsylvania citizens; or, (2) out-of-state residents, regardless of their registration status, because only registered voters of Pennsylvania may execute the "Affidavit of Qualified Elector" made part of each and every sheet of the referendum petition.

31.     In combination, 53 Pa.C.S.A. § 2943(a) and 25 P.S. § 2869 require unregistered Pennsylvania residents and out-of-state circulators to team up with registered Pennsylvania voters who must tag along and "witness" the signatures recorded on the referendum petitions so that the registered Pennsylvania voters can lawfully execute the "Affidavit of Qualified Elector" made part of each and every page of the referendum petition.

32.     Defendants are authorized to strike and refuse the filing any referendum petition when the "Affidavit of Qualified Elector" is executed by anyone who is not a registered elector of the Commonwealth of Pennsylvania. The registered voter requirement and the out-of-state circulator restriction imposes an unconstitutional impairment upon Plaintiffs' right to free speech, petition and association as guaranteed by the First and Fourteenth Amendments to the United States Constitution.

33.    The registered voter requirement and the out-of-state circulator restriction imposed by 25 P.S. § 2869 imposes a severe burden on speech and is not narrowly tailored to effectuate a compelling state interest.  As explained by the overwhelming majority of federal district and circuit courts of appeals, any alleged compelling governmental interest advanced by statutes identical to 25 P.S. § 2869 is more narrowly and fully advanced – without the need to impair any First Amendment guarantees – by requiring affiants to submit to the Commonwealth's jurisdiction for the purpose of any subsequent investigation, prosecution and adjudication of alleged election petition fraud.

34.    There is no regulatory interest advanced by the registered voter requirement and the out-of-state circulator restriction imposed by 25 P.S. § 2869 sufficient to justify the severe impairment of Plaintiffs' speech, petition and association protected under the First and Fourteenth Amendments to the United States Constitution.

35.    The registered voter requirement and the out-of-state circulator restriction imposed by 25 P.S. § 2869 in the circulation of referendum petitions impose severe limits on a circulator's ability to advance and spread the message of Plaintiff OpenPittsburgh.Org by limiting Plaintiff OpenPittsburgh.Org to use registered Pennsylvania voters and forgo unregistered Pennsylvania voters and out-of-state circulators, including professional out-of-state election petition

circulators, because the time and effort required to "marry" unregistered and/or out-of-state circulators to a Pennsylvania registered voter expends valuable time and resources that OpenPittsburgh.Org does not possess.

36.    The requirement that Plaintiff OpenPittsburgh.Org must "marry" a registered Pennsylvania voter with volunteer and/or paid circulators who are not registered Pennsylvania voters and/or out-of-state residents directly impairs Plaintiff OpenPittsburgh.Org ability to secure the number of signatures required to place their proposed referendum question on the 2020 Allegheny County general election ballot.

37.    The requirement that Plaintiff OpenPittsburgh.Org must "marry" a registered Pennsylvania voter with volunteer and/or paid circulators who are not registered Pennsylvania voters and/or out-of-state residents increases the amount of time it takes to secure the number of signatures required to place their proposed referendum question on the 2020 Allegheny County general election ballot.

38.    The requirement that Plaintiff OpenPittsburgh.Org must "marry" a registered Pennsylvania voter with volunteer and/or paid circulators who are not registered Pennsylvania voters and/or out-of-state residents increases the costs to Plaintiff OpenPittsburgh.Org to secure the number of signatures required to place their proposed referendum question on the 2020 Allegheny County general election ballot because the inefficiency in circulating a single referendum petition

with 2 people lengthens the time it will take Plaintiffs to secure the necessary signatures, thereby increasing the number of signatures that OpenPittsburgh.Org must pay to professional circulators to collect, all at great additional cost.

39.     The requirement that circulators must be registered Pennsylvania voters means that any unregistered Pennsylvania resident, such as local college students who are registered to vote in a different state, who wish to circulate Plaintiff OpenPittsburgh.Org's referendum petition must be accompanied by a Pennsylvania registered voter willing to follow the unregistered circulator around while he/she circulates the petition.

40.     Plaintiff OpenPittsburgh.Org has unregistered Pennsylvania residents who are willing, but cannot, freely circulate Plaintiff's referendum petition for the sole reason that they, while qualified to register to vote in Pennsylvania, are not registered to vote in the Commonwealth of Pennsylvania.

41.     Further, the requirement that circulators must be registered Pennsylvania voters means that any out-of-state circulator who wants to circulate Plaintiff OpenPittsburgh.Org's referendum petition must be accompanied by a Pennsylvania registered voter willing to follow the out-of-state and unregistered circulator around while he/she circulates the petition, and limited to the time and place of the Pennsylvania registered voter's choosing.

42.    Plaintiff Pool is an out-of-state professional circulator who is willing to circulate Plaintiff OpenPittsburgh.Org's referendum petition but is not able to do so without being accompanied by a Pennsylvania registered voter, limiting the amount of time that he would be able to circulate the referendum petition.

43.    Plaintiff Pool, as a condition precedent to the right to circulate referendum petitions in the Commonwealth of Pennsylvania, is expressly willing to execute any document necessary to submit himself to the jurisdiction of the Commonwealth of Pennsylvania for any investigation or adjudicatory proceeding that may arise as a result of his circulation of referendum petitions in the Commonwealth.

44.    Because of the additional cost of paying registered Pennsylvania voters to accompany out-of-state professional circulators as a direct and proximate result of  53 Pa.C.S.A. § 2943(a) and 25 P.S. § 2869, out-of-state professional circulators are not price competitive with in-state circulators in bidding for the right to circulate referendum petitions, limiting the pool of available professional circulators to Plaintiff OpenPittsburgh.Org.

45.    Evidence of past election petition signature drives shows that in-state professional circulators attain a substantially lower validity rate than out-of-state professional circulators thereby imposing increased costs on OpenPittsburgh.Org

through the need to collect and pay for the additional signatures needed to make-up for the substantially lower validity rate of in-state professional circulators.

46.     Limiting the pool of professional circulators to in-state professionals creates a monopoly for Pennsylvania professional circulators, thereby decreasing the ability of Plaintiff OpenPittsburgh.Org to negotiate favorable contract terms, with the effect of dramatically increasing the cost of referendum petition signature drives.

47.     In combination, 53 Pa.C.S.A. § 2943(a) and 25 P.S. § 2869 places a severe burden on the First Amendment speech of OpenPittsburgh.Org by making it more difficult for it to disseminate its political views, choose the most effective way of conveying its message, to associate in a meaningful way with prospective circulators of its referendum petition for the purpose of eliciting political change, to gain access to the general election ballot, and to utilize the public endorsement of circulators which can be implicit in a circulator's efforts to gather signatures on OpenPittsburgh.Org's behalf.

48.     Plaintiff OpenPittsburgh.Org is an impoverished grass-root organization that cannot afford the costs of notarizing each and every page of referendum petitions that it intends circulate and file under the Law.

49.     In addition, the combined requirement of 53 Pa.C.S.A. § 2943(a) and 25 P.S. § 2869 that each and every "Affidavit of Circulator" made part of each

and every nomination petition page, be notarized imposes a severe economic and logistical burden on Plaintiff OpenPittsburgh.Org.

50.     Notarizations in Pennsylvania typically cost $5.00 per acknowledgement imposing upon plaintiff OpenPittsburgh.Org a substantial economic cost to notarize the 22,652 to 40,000 signatures typically required to make sure they collect and file the required number of 22,652 valid signatures to secure access to the 2020 Allegheny County general election ballot.

51.     The notarization requirement for each page of the referendum petition adds an additional step, including the time to locate and travel to a notary public, which decreases the amount of time a circulator has to gather valid signatures, communicate the message of political change espoused by Plaintiff OpenPittsburgh.Org, and associate with the residents and voters of Pittsburgh – all in the context of the compressed time period allowed by the Law to gather signatures.

52.     The significant costs imposed by the notarization requirement has caused Plaintiff to design referendum petitions of larger size, to reduce the number of notarizations required; which leads to an extended time period that the petitions are in the field exposed to the elements and the wear and tear of prolonged handling by circulators which tends to degrade the readability of the

signatures recorded on the referendum petitions, which in turn, leads to a larger number of invalidated signatures impairing otherwise valid core political speech.

53.    Plaintiff's effort to reduce the number of notarizations by placing as many signatures as possible on each petition page has also resulted in a reduction of the space allowed for each signatures, thereby making it more difficult for voters to legibly record their information on the referendum petitions, resulting in a likely increase in the number of signatures ruled invalid by defendants and/or challenged by potential challengers as illegible.

54.    In *Green Party of Pennsylvania v. Aichele*, the United States District Court for the Eastern District of Pennsylvania ruled a cognate notarization requirement for petition papers (circulated by political bodies) unconstitutional.

55.    The notarization requirement of the "Affidavit of Qualified Elector" is a ministerial requirement which places a severe restriction on core political speech that is not narrowly tailored to advance a compelling governmental interest.

56.    In the event that plaintiff OpenPittsburgh.Org fails to qualify Plaintiff's proposed amendment to the Allegheny County's Home Rule Charter on the 2020 general election ballot, Plaintiff OpenPittsburgh.Org intends to launch a petition drive to place their proposed amendment on future general election ballots.

57.     Plaintiff Trenton Pool intends to continue to seek to circulate referendum petition as a professional circulator in the Commonwealth of Pennsylvania in future election cycles.

58.     Plaintiffs have no other adequate remedy at law.

## FEDERAL CONSTITUTIONAL CLAIMS

### COUNT I – FACIAL CHALLENGE
**(The Voter Registration Requirement for Circulators of Referendum Petitions under 53 Pa.C.S.A. § 2943(a) and 25 P.S. §2869 is a Facial Impairment of Rights Guaranteed to Plaintiffs under the First and Fourteenth Amendments to the United States Constitution)**

59.     Plaintiffs reassert each preceding allegation as if set forth fully herein.

60.     The circulation of referendum petitions as defined by 53 Pa.C.S.A. § 2943(a) and 25 P.S. §2869 is core political speech protected by the First Amendment to the United States Constitution.

61.     The voter registration requirement imposed on those who execute the "Affidavit of Qualified Elector" of referendum petitions contained in 53 Pa. C.S.A. § 2943(a) of the Law and 25 P.S. § 2869 of the Pennsylvania Election Code places a severe burden on core political speech and is subject to strict scrutiny.

62.     The voter registration requirement imposed on those who execute the "Affidavit of Qualified Elector" of referendum petitions is not narrowly tailored to advance a compelling governmental interest.

63.     Alternatively, because no state regulatory interests justify the voter registration requirement imposed on those who execute the "Affidavit of Qualified Elector" of referendum petition, the voter registration requirement violates the First Amendment to the United States Constitution, as incorporated to the States by the Fourteenth Amendment to the United States Constitution .

64.     Defendants are state actors charged with enforcement of 53 Pa. C.S.A. § 2943(a) and 25 P.S. § 2869 against Plaintiffs.

65.     Defendants, pursuant to the Law and the Pennsylvania Election Code, are required to reject any referendum petition sought to be filed by Plaintiffs if it contains material errors or defects apparent on the face thereof, or on the face of the appended or accompanying affidavits; or if it contains material alterations made after signing without the consent of the signers; or it does not contain a sufficient number of signatures as required by law.

66.     Accordingly, Defendants enforcement of 53 Pa.C.S.A. § 2943(a) and 25 P.S. § 2869 is the direct and proximate cause of the impairment of rights guaranteed to Plaintiffs under the First Amendment to the United States Constitution of the United States for which Plaintiffs request relief.

**COUNT II – AS APPLIED CHALLENGE**
**(The Voter Registration Requirement for Circulators As Applied to the**
**Circulation of Referendum Petitions under 53 Pa.C.S.A. § 2943(a) and 25**
**P.S. §2869 is an Impairment of Rights Guaranteed to Plaintiffs under the**
**First and Fourteenth Amendments to the United States Constitution)**

67.     Plaintiffs reassert each preceding allegation as if set forth fully herein.

68.     The circulation of referendum petitions as defined by 53 Pa.C.S.A. § 2943(a) and 25 P.S. §2869 is core political speech protected by the First Amendment to the United States Constitution.

69.     The voter registration requirement imposed on those who execute the "Affidavit of Qualified Elector" as applied to the circulation of referendum petitions contained in 53 Pa. C.S.A. § 2943(a) of the Law and 25 P.S. § 2869 of the Pennsylvania Election Code places a severe burden on core political speech and is subject to strict scrutiny.

70.     The voter registration requirement imposed on those who execute the "Affidavit of Qualified Elector" as applied to the circulation of referendum petitions is not narrowly tailored to advance a compelling governmental interest.

71.     Alternatively, because no state regulatory interests justify the voter registration requirement imposed on those who execute the "Affidavit of Qualified Elector" of referendum petition, the voter registration requirement as applied to the circulation of referendum petitions violates the First Amendment to the United

States Constitution, as incorporated to the States by the Fourteenth Amendment to the United States Constitution .

72.    Defendants are state actors charged with enforcement of 53 Pa. C.S.A. § 2943(a) and 25 P.S. § 2869 against Plaintiffs.

73.    Defendants, pursuant to the Law and the Pennsylvania Election Code, are required to reject any referendum petition sought to be filed by Plaintiffs if it contains material errors or defects apparent on the face thereof, or on the face of the appended or accompanying affidavits; or if it contains material alterations made after signing without the consent of the signers; or it does not contain a sufficient number of signatures as required by law.

74.    Accordingly, Defendants enforcement of 53 Pa.C.S.A. § 2943(a) and 25 P.S. § 2869 is the direct and proximate cause of the impairment of rights guaranteed to Plaintiffs under the First Amendment to the United States Constitution of the United States for which Plaintiffs request relief.

## COUNT III – FACIAL CHALLENGE
**(The Restriction on Out-of-State Circulators of Referendum Petitions under 53 Pa.C.S.A. § 2943(a) and 25 P.S. §2869 is a Facial Impairment of Rights Guaranteed to Plaintiffs under the First and Fourteenth Amendments to the United States Constitution)**

75.    Plaintiffs reassert each preceding allegation as if set forth fully herein.

76.     The circulation of referendum petitions as defined by 53 Pa.C.S.A. § 2943(a) and 25 P.S. §2869 is core political speech protected by the First Amendment to the United States Constitution.

77.     The prohibition on out-of-state circulators executing the "Affidavit of Qualified Elector" of referendum petitions, for circulators willing to submit to the jurisdiction of the Commonwealth of Pennsylvania , contained in 53 Pa. C.S.A. § 2943(a) of the Law and 25 P.S. § 2869 of the Pennsylvania Election Code places a severe burden on core political speech and is subject to strict scrutiny.

78.     The prohibition on out-of-state circulators executing the "Affidavit of Qualified Elector" of referendum petitions, for circulators willing to submit to the jurisdiction of the Commonwealth of Pennsylvania , is not narrowly tailored to advance a compelling governmental interest.

79.     Alternatively, because no state regulatory interests justify the prohibition on out-of-state circulators executing the "Affidavit of Qualified Elector" of referendum petitions, for circulators willing to submit to the jurisdiction of the Commonwealth of Pennsylvania, the out-of-state circulator ban violates the First Amendment to the United States Constitution, as incorporated to the States by the Fourteenth Amendment to the United States Constitution .

80.     Defendants are state actors charged with enforcement of 53 Pa. C.S.A. § 2943(a) and 25 P.S. § 2869 against Plaintiffs.

81.    Defendants, pursuant to the Law and the Pennsylvania Election Code, are required to reject any referendum petition sought to be filed by Plaintiffs if it contains material errors or defects apparent on the face thereof, or on the face of the appended or accompanying affidavits; or if it contains material alterations made after signing without the consent of the signers; or it does not contain a sufficient number of signatures as required by law.

82.    Accordingly, Defendants enforcement of the out-of-state circulator ban contained in 53 Pa.C.S.A. § 2943(a) and 25 P.S. § 2869 is the direct and proximate cause of the impairment of rights guaranteed to Plaintiffs under the First Amendment to the United States Constitution of the United States for which Plaintiffs request relief.

### COUNT IV – AS APPLIED CHALLENGE
**(The Restriction on Out-of-State Circulators As Applied to Referendum Petitions under 53 Pa.C.S.A. § 2943(a) and 25 P.S. §2869 is a Facial Impairment of Rights Guaranteed to Plaintiffs under the First and Fourteenth Amendments to the United States Constitution)**

83.    Plaintiffs reassert each preceding allegation as if set forth fully herein.

84.    The circulation of referendum petitions as defined by 53 Pa.C.S.A. § 2943(a) and 25 P.S. §2869 is core political speech protected by the First Amendment to the United States Constitution.

85.     The prohibition on out-of-state circulators, as applied to the execution of the "Affidavit of Qualified Elector" of referendum petitions, for circulators willing to submit to the jurisdiction of the Commonwealth of Pennsylvania , contained in 53 Pa. C.S.A. § 2943(a) of the Law and 25 P.S. § 2869 of the Pennsylvania Election Code places a severe burden on core political speech and is subject to strict scrutiny.

86.     The prohibition on out-of-state circulators, as applied to the execution of the "Affidavit of Qualified Elector" of referendum petitions, for circulators willing to submit to the jurisdiction of the Commonwealth of Pennsylvania , is not narrowly tailored to advance a compelling governmental interest.

87.     Alternatively, because no state regulatory interests justify the prohibition on out-of-state circulators, as applied to the execution of the "Affidavit of Qualified Elector" of referendum petitions, for circulators willing to submit to the jurisdiction of the Commonwealth of Pennsylvania, the out-of-state circulator ban violates the First Amendment to the United States Constitution, as incorporated to the States by the Fourteenth Amendment to the United States Constitution .

88.     Defendants are state actors charged with enforcement of 53 Pa. C.S.A. § 2943(a) and 25 P.S. § 2869 against Plaintiffs.

89.     Defendants, pursuant to the Law and the Pennsylvania Election Code, are required to reject any referendum petition sought to be filed by Plaintiffs if it contains material errors or defects apparent on the face thereof, or on the face of the appended or accompanying affidavits; or if it contains material alterations made after signing without the consent of the signers; or it does not contain a sufficient number of signatures as required by law.

90.     Accordingly, Defendants enforcement of the out-of-state circulator ban contained in 53 Pa.C.S.A. § 2943(a) and 25 P.S. § 2869 as applied to the circulation of referendum petitions is the direct and proximate cause of the impairment of rights guaranteed to Plaintiffs under the First Amendment to the United States Constitution of the United States for which plaintiffs request relief.

### COUNT V – FACIAL CHALLENGE
**(Defendants' Enforcement of 53 Pa.C.S.A. § 2943(a) and 25 P.S. §2869 Requiring Plaintiffs to Notarize Every Page of the Referendum Petition is a Facial Impairment of Rights Guaranteed to Plaintiffs under the First and Fourteenth Amendments to the United States Constitution)**

91.     Plaintiffs reassert each preceding allegation as if set forth fully herein.

92.     The circulation of referendum petitions as defined by 53 Pa.C.S.A. § 2943(a) of the Law and 25 P.S. § 2869 of the Pennsylvania Election Code is core political speech protected by the First Amendment to the United States Constitution.

93.     Signatures recorded on referendum petitions as defined by 53 Pa.C.S.A. § 2943(a) of the Law and 25 P.S. § 2869 of the Pennsylvania Election Code is core political speech protected by the First Amendment to the United States Constitution.

94.     Defendants' enforcement of 53 Pa.C.S.A. § 2943(a)  and 25 P.S. § 2869 requiring witnesses of referendum petition circulation to secure a sworn affidavit from a notary public for each page of a referendum petition places a severe burden on core political speech and is subject to strict scrutiny.

95.     Because Defendants' enforcement of 53 Pa.C.S.A. § 2943(a)  and 25 P.S. § 2869 requiring witnesses of referendum petition circulation to secure a sworn affidavit from a notary public for each page of a referendum petition is not narrowly tailored to further a compelling governmental interest, the provision facially violates the First Amendment to the United States Constitution, as incorporated to the States by the Fourteenth Amendment to the United States Constitution.

96.     Alternatively, because no state regulatory interests justify Defendants' enforcement of the affidavit requirement of 53 Pa.C.S.A. § 2943(a) and 25 P.S. § 2869, Defendants' enforcement of the provision violates the First Amendment to the United States Constitution, as incorporated to the States by the Fourteenth Amendment to the United States Constitution.

97.    Defendants are state actors charged with enforcement of 53 Pa.C.S.A. § 2943(a)  and 25 P.S. § 2869 against Plaintiffs.

98.    Defendants, pursuant to 25 P.S. § 2936 of the Pennsylvania Election Code, are required to reject any nomination paper sought to be filed by Plaintiffs if it contains material errors or defects apparent on the face thereof, or on the face of the appended or accompanying affidavits; or if it contains material alterations made after signing without the consent of the signers; or it does not contain a sufficient number of signatures as required by law.

99.    Accordingly, Defendants enforcement of the affidavit requirement of 53 Pa.C.S.A. § 2943(a)  and 25 P.S. § 2869 is the direct and proximate cause of the impairment of rights guaranteed to Plaintiffs under the First Amendment to the United States Constitution of the United States for which Plaintiffs request relief.

**COUNT VI – AS APPLIED CHALLENGE**
**(Defendants' Enforcement of 53 Pa.C.S.A. § 2943(a) and 25 P.S. §2869 As Applied to the Requirement that Plaintiffs Notarize Every Page of the Referendum Petition is an Impairment of Rights Guaranteed to Plaintiffs under the First and Fourteenth Amendments to the United States Constitution)**

100.    Plaintiffs reassert each preceding allegation as if set forth fully herein.

101.    The circulation of referendum petitions as defined by 53 Pa.C.S.A. § 2943(a) of the Law and 25 P.S. § 2869 of the Pennsylvania Election Code is core

political speech protected by the First Amendment to the United States Constitution.

102.  Signatures recorded on referendum petitions as defined by 53 Pa.C.S.A. § 2943(a) of the Law and 25 P.S. § 2869 of the Pennsylvania Election Code is core political speech protected by the First Amendment to the United States Constitution.

103.  The challenged affidavit requirement of Pa. C.S.A § 2943(a) of the Law and 25 P.S. § 2869 of the Pennsylvania Election Code imposes an unconstitutional filing fee on the circulation and filing of referendum petitions.

104.  Plaintiff OpenPittsburgh.Org is an impoverished grass-root organization that cannot afford the costs of notarizing each and every page of referendum petitions that it intends circulate and file under the Law.

105.  Defendants' enforcement of 53 Pa.C.S.A. § 2943(a)  and 25 P.S. § 2869, as applied to the requirement that witnesses of referendum petition circulation secure a sworn affidavit from a notary public for every page of a referendum petition places a severe burden on core political speech and is subject to strict scrutiny.

106.  Because defendants' enforcement of 53 Pa.C.S.A. § 2943(a)  and 25 P.S. § 2869 as applied to the requirement that witnesses of referendum petition circulation secure a sworn affidavit from a notary public for every page of a

referendum petition is not narrowly tailored to further a compelling governmental interest, the provision facially violates the First Amendment to the United States Constitution, as incorporated to the States by the Fourteenth Amendment to the United States Constitution.

107.   Alternatively, because no state regulatory interests justify Defendants' enforcement of the affidavit requirement of 53 Pa.C.S.A. § 2943(a) and 25 P.S. § 2869 as applied to referendum petitions, defendants' enforcement of the provision violates the First Amendment to the United States Constitution, as incorporated to the States by the Fourteenth Amendment to the United States Constitution.

108.   Defendants are state actors charged with enforcement of 53 Pa.C.S.A. § 2943(a)  and 25 P.S. § 2869 against Plaintiffs.

109.   Defendants, pursuant to 25 P.S. § 2936 of the Pennsylvania Election Code, are required to reject any nomination paper sought to be filed by Plaintiffs if it contains material errors or defects apparent on the face thereof, or on the face of the appended or accompanying affidavits; or if it contains material alterations made after signing without the consent of the signers; or it does not contain a sufficient number of signatures as required by law.

110.   Accordingly, Defendants enforcement of the affidavit requirement of 53 Pa.C.S.A. § 2943(a)  and 25 P.S. § 2869 as applied to referendum petitions is

the direct and proximate cause of the impairment of rights guaranteed to Plaintiffs under the First Amendment to the United States Constitution of the United States for which plaintiffs request relief.

## REQUEST FOR RELIEF

WHEREFORE, Plaintiffs respectfully request that this Court:

a.   Enter declaratory judgment against all challenged provisions of 53 Pa.C.S.A. § 2943(a)  and 25 P.S. § 2869 as detailed in Counts I through VI above,  or any combination thereof;

b.   Enter a preliminary injunction, enjoining Defendants from enforcing the challenged provisions and interpretations of 53 Pa.C.S.A. § 2943(a)  and 25 P.S. § 2869 as detailed in Counts I through VI above, or any combination thereof, against all Plaintiffs now and in the future;

c.   Permanently enjoin Defendants from enforcing the challenged provisions of 53 Pa.C.S.A (a) and 25 P.S. § 2869 for referendum petitions now and in the future;

d.   Award Plaintiffs the cost of this action together with their reasonable attorneys' fees and expenses pursuant to 42 U.S.C. § 1988; and,

e.      Retain jurisdiction of this action and grant Plaintiffs such other

relief which may in the determination of this Honorable Court to be

necessary and proper.


Dated:  May 2, 2019                              Respectfully submitted,

___/s/ Lawrence M. Otter_____                    _____/s/ Paul A. Rossi_____
LAWRENCE M. OTTER, ESQUIRE                       PAUL A. ROSSI, ESQUIRE
**ATTORNEY FOR PLAINTIFFS**                      *Admission Pro Hac Vice*
PA ATTORNEY ID #31383                            **ATTORNEY FOR PLAINTIFFS**
P.O. Box 575                                     PA ATTORNEY ID # 84947
Silverdale, PA  18962                            IMPG Advocates, Inc.
267-261-2948                                     316 Hill Street
Email:  larryotter@hotmail.com                   Mountville, PA 17554
                                                 717.961.8978
                                                 Email:  Paul-Rossi@comcast.net