IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| OPENPITTSBURGH.ORG, and TRENTON POOL | : |
| | : CIVIL ACTION |
| Plaintiffs, | : |
| | : 2:16-cv-1075-MRH |
| v. | : |
| | : PLAINTIFFS' MOTION TO |
| DAVID VOYE, in his official capacity as the manager of the Allegheny County Division of Elections; THE HONORABLE KATHRYN M. HENS-GRECO, in her official capacity as an interim Member of the Allegheny County Board of Elections; THE HONORABLE THOMAS BAKER, in his official capacity as an interim Member of the Allegheny County Board of Elections; THE HONORABLE ROBERT PALMOSINA, in his official capacity as an interim Member of the Allegheny County Board of Elections; and KATHRYN BOOCKVAR, In her official capacity as the Secretary of the Commonwealth of Pennsylvania, | : CONVERT : PRELIMINARY INJUNCTION : INTO A PERMANENT : INJUNCTION AND FINAL : ORDER OF THE COURT : : : : : : : : : : *Filed Electronically* |
| | : |
| Defendants. | : |

**PLAINTIFFS' MOTION TO CONVERT PRELIMINARY INJUNCTION INTO A PERMANENT INJUNCTION AND FINAL ORDER OF THE COURT**

**I.   MOTION**

Plaintiffs' respectfully move this Court to convert the first paragraph of the preliminary injunction entered in the above captioned action on August 8, 2016 (ECF Doc. #42) into a permanent injunction and final order of the Court resolving all outstanding issues with two (2) modifications. First, plaintiffs request that the named defendants in the preliminary injunction be modified as collectively being enjoined as "Defendants." Second, plaintiffs request that the permanent injunction

1

specifically state that the Court retains jurisdiction over this action to monitor Defendants compliance with the permanent injunction.  Third, an order that: "Defendants shall incorporate, print and provide on each Petition a section within the "Statement of Circulator" for out-of-state circulators to complete and execute an affirmation consistent with the terms of this PERMANENT INJUNCTION." Fourth, several stylistic changes updating this proposed permanent injunction consistent with the various changes in the law which have occurred since the preliminary injunction was entered into force (i.e., the "Affirmation of Circulator" is now statutorily denominated as the "Statement of Circulator").

Accordingly, plaintiffs move that the following text be entered as a permanent injunction and final order of the Court resolving all outstanding issues in this action:

> It is hereby ORDERED that Defendants are PERMANENTLY ENJOINED from invalidating any referendum petition ("Petitions") filed pursuant to 53 Pa. C.S.A. § 2943(a) of the Pennsylvania Home Rule & Optional Plan Law (the "Law") on the basis of the requirements imposed and incorporated into the Law under 25 P.S. § 2869 that the Petition <u>circulator</u> is: (1) not a resident of the Commonwealth of Pennsylvania or (2) not a registered Elector of the Commonwealth of Pennsylvania.  Any out-of-state circulator shall be required to record on the certification as to each Petition for which they are the circulator, their full legal name, their legal residence, their age, and an affirmation that they are citizens of the United States.  Any out-of-state circulator shall also record their signature in the appropriate spaces provided within the "Statement of Circulator."  Finally, each out-of-state circulator shall execute within the "Statement of Circulator" for each Petition whereby they unconditionally and irrevocably submit to the personal jurisdiction and venue of the Commonwealth of Pennsylvania

as to any administrative or judicial proceeding, hearing, or other process relating to such Petition or their activities as a circulator.

Defendants shall incorporate, print and provide on each Petition a section within the "Statement of Circulator" for out-of-state circulators to complete and execute an affirmation consistent with the terms of this PERMANENT INJUNCTION.

This Court shall RETAIN JURISDICTION over the above captioned action to monitor compliance and resolve any disputes that may arise with this PERMANENT INJUNCTION.

Plaintiffs also move that the Court adopt the findings of fact and conclusions of law set forth in the preliminary injunction memorandum and order. Plaintiffs also request an Order releasing the $500.00 bond posted on August 10, 2016, receipt number 24668039450 (ECF Doc. #43) by Attorney Paul A. Rossi as security for the preliminary injunction.

Plaintiffs' counsel sought concurrence from defendants. Plaintiffs represent that defendants do not concur in this motion. Plaintiffs refrain from characterizing the reason for the failure of the parties to agree to this motion. Defendants can speak for themselves.

## II.   ARGUMENT

Conversion of a preliminary injunction into a permanent injunction is appropriate where the court cannot ascertain any basis where an opposing party can resist the entry of a permanent injunction against the enforcement of a statute which is plainly unconstitutional. *Penn Cent. Corp. v. U.S.R.R. Vest Corp.*, 995

F.2d 1158, 1164, 1992 WL 16306 (7th Cir. 1992) (collected cases); *see* FED. R. CIV. P. 65(a)(2). To avoid the "needless duplication of proceedings," a district court may convert a preliminary injunction into a permanent injunction without holding a trial on the merits. *Id*. This Court is not required to hold a separate evidentiary hearing on a motion to convert when no triable issue of fact exist. *See, United States v. McGee*, 714 F.2d 607, 613 (6th Cir. 1983).

Only if a "party contesting the entry of final judgment at the preliminary injunction stage demonstrate[s] prejudice as well as surprise" must a district court refrain from converting the preliminary injunction into a final one and entering final judgment under circumstances where no factual or legal defense remains to uphold an unconstitutional statute. *D. Patrick, Inc. v. Ford Motor Co.*, 8 F.3d 455, 459, 1993 WL 418409 (7th Cir. 1993).

This action is well suited to be brought to a quick conclusion by converting the preliminary injunction entered on August 8, 2016 into a permanent injunction for all the reasons previously cited by plaintiffs and this court that precedent provides no remaining defense to sustain in-state residency requirements from constitutional challenged under the First and Fourteenth Amendments where the Commonwealth's interests can be more narrowly satisfied by requiring out-of-state petition circulators to submit to the personal jurisdiction and venue of the Commonwealth of Pennsylvania for purposes of any administrative or judicial

proceeding, hearing, or other process relating to any petition circulated and filed by an out-of-state petition circulator.  Most recently, the Third Circuit ordered entry of a permanent injunction by the district court against the Secretary of the Commonwealth for plaintiffs in *Benezet Consulting, LLC. v. Secretary of Commonwealth of PA*, 20-2976 (3rd Cir. Feb. 24, 2022) against continued enforcement of the same in-state residency requirements for petition circulators submitting to the Commonwealth's jurisdiction at issue in this action through incorporation of 25 P.S. § 2869 by 53 Pa. C.S.A. § 2943(a) of the Pennsylvania Home Rule & Optional Plan Law.  Accordingly, no issue of fact or law remain to be litigated in this action and any further proceedings will serve to only prolong this action and increase the costs to the parties.

Additionally, no party to this action can argue either prejudice or surprise as to the instant motion as all parties have been on notice since February of this year that plaintiffs intended to bring the instant motion and all parties recently agreed during the last conference call with the Court that conversion is the best method to bring this action to conclusion.

Accordingly, plaintiffs' instant motion should be granted.

                                         Respectfully submitted,

Dated:  August 30, 2022            __/s/ *Paul A. Rossi*_____
                                         Paul A. Rossi
                                         PA Attorney I.D. # 84947
                                         IMPG Advocates

316 Hill Street  
Suite 1020  
Mountville, PA  17554  
717.869.8872  
Paul-Rossi@comcast.net  

**      /s/ Lawrence Otter      **
Lawrence Otter  
PA Attorney I.D. # 31383  
P.O. Box 575  
Silverdale, PA  18962  
267.261.2948  
larryotter@hotmail.com  

*Counsel for Plaintiffs*

## **CERTIFICATE OF SERVICE**

Plaintiffs, by and through their undersigned legal counsel, hereby certify that on this date the forgoing document was electronically filed with the Clerk of this Court through the Court's ECF system, and that opposing counsel was automatically served a true and correct copy of the same.

Dated:  August 30, 2022      __/s/ *Paul A. Rossi*_____
　　　　　　　　　　　　　　　Paul A. Rossi
　　　　　　　　　　　　　　　PA Attorney I.D. # 84947

## **CERTIFICATION**

Plaintiffs, by and through their undersigned counsel, hereby certify that counsel for plaintiffs sought defendants' concurrence in the foregoing motion. Defendants have not granted their concurrence in this motion.

Dated:  August 30, 2022          /s/ *Paul A. Rossi*
                                 Paul A. Rossi
                                 PA Attorney I.D. # 84947